Jewett, J.
 

 (after stating the facts.) — I think it plain, [*395 if this edition of the commentaries of the deceased is not comprehended in the words, “ unsold commentaries on hand,” used in the eighth clause of his will, it is not included in that clause. In order to include it in the words “ the residue of my estate *real and personal,” I think it material, that it should have been published in the lifetime of the testator. His determination and preparation to publish the edition, without publication, could not constitute it a portion of his estate.
 

 It may be, that the
 
 materials
 
 procured by the testator necessary for the publication, constituted a portion of the residue of his personal estate, but that is not a question to be determined on this occasion. The only question for our decision is, whether the sixth edition of the commentaries, produced under the circumstances stated, passed to the residuary legatees, under the eighth clause of the testator’s will, or whether it must be deemed an edition
 
 future
 
 to the death of the testator, published by his legatee of the copyright, in pursuance of the right of publishing future editions of that celebrated work, as bequeathed to him under the sixth clause of said will.
 

 In my opinion, there is no just ground to conclude that this edition, in the condition in which it was found at the time of the death of the testator, is included within the words or meaning of the eighth clause of the will. By that clause, nothing is proposed to be disposed of, except such property of the testator as remained,- beyond what was therein before specially bequeathed; not even “ unsold commentaries on hand.” It was not designed b1' that clause, to disturb or displace any
 
 *380
 
 bequest or provision previously m^de by the will. The property in this edition clearly did not pass to the resi- . duary legatee, as “ unsold commentaries on hand,” for it had no existence, as such, at the death of the testator; nor did it form any part of the residue of the testator’s estate at his death. The contracts made by the testator in his lifetime, for publishing the edition of his commentaries in question, although in part executed, did not constitute it an edition; nothing short of a publication could have that effect. An edition of a book, is the publication of it. That did not take place until several weeks after the decease of the testator; and then, under and by virtue of the copyright bequeathed to him, by the sixth clause of the will, William Kent published this edition, for which he took out a copyright in * 396 1 own name> as the proprietor of the *work.- -* I think, that he was fully authorized so to do, under the bequest to him, and that it became a
 
 future
 
 edition, within the meaning of the sixth clause of the will, and the avails subject to be disposed of as therein provided.
 

 The judgment of the supreme court should be reversed, and the judgment’ rendered on the report of the referee affirmed.
 

 Judgment reversed, and that entered on the report of the referee affirmed.